**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JAMES M. VALENTINE, SR.,**<br>**Special Administrator of the Estate**<br>**of Mary Valentine, Deceased** | | **PLAINTIFF** |
| v. | 4:09CV00684-WRW | |
| **BORG-WARNER CORPORATION, et al.** | | **DEFENDANTS** |

## ORDER

Pending is Plaintiff's Motion to Remand (Doc. No. 4). Defendant Borg-Warner Corporation has responded.[1] Plaintiff's Motion is GRANTED.

### I. BACKGROUND

Plaintiff alleges that Mary Valentine's exposure to Defendants' asbestos-containing products caused her to develop malignant mesothelioma, which resulted in her death. Plaintiff sued eight manufacturers who allegedly "manufactured, sold and distributed asbestos-containing automobile brakes, clutches and gaskets." Defendant Darragh Company was the only non-diverse defendant.

### II. DISCUSSION

Borg-Warner asserts that Defendant Darragh Company was fraudulently joined solely to defeat diversity. To support its position, Borg-Warner relies on Mr. James Valentine's deposition testimony that he did not know anything about Darragh Company or whether his wife was exposed to Darragh Company products.

Fraudulent joinder exists when a plaintiff files a "frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal."[2] "However, if there is a

---

[1] Doc. No. 7.

[2] *Filla v. Norfolk Souther Ry. Co.*, 336 F.3d 806, 809-10 (8th Cir. 2003).

'colorable' cause of action -- that is, if the state law *might* impose liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder."[3]

In this case, although Borg-Warner argues "fraudulent joinder," its motion is more akin to a motion to dismiss or motion for summary judgment. Borg-Warner does not contend that there is no reasonable basis in fact and law to support Plaintiff's claim against Darragh Company. Rather, Defendant argues that Plaintiff *cannot prove* her case against Darragh because Mr. Valentine testified that he didn't know anything about Darragh Company -- and even this argument over eggs the puddin'. While it's left to be seen whether Plaintiff will be able to succeed on the cause of action against Darragh Company, it cannot be said that Plaintiff has alleged no colorable cause of action against Darragh Company.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand (Doc. No. 4) is GRANTED. The Clerk of the Court is directed to remand this case to the Circuit Court of White County, Arkansas.

IT IS SO ORDERED this 1st day of September, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] *Id.* at 810.

2